This Mutual Release ("Release") is executed this  29  day of  January , 20 16 , by and between Mark Rice (Rice) and Sam DePinto, DePinto Stable and Shannon DePinto (DePinto).

### RECITALS:

WHEREAS, Rice holds claims against DePinto for fees owned in connection with purse proceeds of "We Will See" (the "Indebtedness"); and

WHEREAS, DePinto hereby agrees to transfer 25% ownership back to Rice, and pay $20,000 in quarterly payments after offset of 2015 expenses in return for a release of its Indebtedness to Rice.

### WITNESSETH:

NOW THEREFORE, for and in consideration of the payment of One Dollar ($1.00), and other good and valuable consideration, in hand paid, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1. Rice does hereby release, cancel, forgive and forever discharge DePinto and each of its predecessors, parent corporations, holding companies, subsidiaries, affiliates, divisions, heirs, successors and assigns, and all of their officers, directors and employees from all actions, claims, demands, damages, obligations, liabilities, controversies and executions, of any kind or nature whatsoever, whether known or unknown, whether suspected or not, which have arisen, or may have arisen, or shall arise by reason of the Indebtedness and/or the guaranty of payment of the Indebtedness as designated and described in the Agreement from the first day of the world, including this day and each day hereafter, and Rice does specifically waive any claim or right to assert any cause of action or alleged case of action or claim or demand which has, through oversight or error intentionally or unintentionally or through a mutual mistake, been omitted from this Release.

2. DePinto does hereby release, cancel, forgive and forever discharge Rice and each of his holding companies, subsidiaries, affiliates, divisions, successors, heirs, and assigns in all capacities whatsoever, including without limitation as an officer, director, employee, representative, designee, agent, and shareholder thereof, from all actions, claims, demands, damages, obligations, liabilities, controversies and executions, of any kind or nature whatsoever, whether known or unknown, whether suspected or not, which have arisen, or may have arisen, or shall arise by reason of any matter, cause or thing whatsoever, from the first day of the world, including this day and each day hereafter, and DePinto does specifically waive any claim or right to assert any cause of action or alleged cause of action or claim or demand which has, through oversight or error, intentionally or unintentionally or through a mutual mistake, been omitted from this Release.

3. The provisions of this Agreement must be read as a whole and are not severable and/or separately enforceable by either party hereto.

IN WITNESS WHEREOF, the undersigned have executed this Release in triplicate originals as of the day, month and year first set forth above.

PARTIES:

_____
Mark Rice

_____ AKA Como
Sam DePinto

_____ Owner
DePinto Stable
By:_____

_____
Shannon DePinto

## RELEASE AND SETTLEMENT AGREEMENT

This Settlement Agreement is entered into by and between Mark E. Rice (hereinafter referred to as "Plaintiff") and Sam DePinto, C. Sam DePinto Stable and Shannon DePinto (hereinafter referred to as "Defendant").

### RECITALS

A. On or about January 2014, the Plaintiff filed an action in the United States District Court for the District of New Jersey, identified as Civil Action No. 143953ESJAD, seeking recovery of purse proceeds and stud fees due in connection of standard bred ownership. The action prosecuted by Plaintiff and against Defendant is referred to hereinafter as "the Civil Action."

B. Plaintiff and Defendant wish to settle the claims brought in the above-referenced Civil Action and any and all claims and disputes, known and unknown, between the Plaintiff and Defendant that may exist through the date of execution of this Release and Settlement Agreement.

### AGREEMENT

Now, therefore, the parties hereby agree as follows:

1. <u>Financial Settlement</u>. Defendant agrees to pay the Plaintiff the sum of $20,000 ("the Financial Settlement").

   The Defendant shall deliver a total payment via wire payment of $20,000 to Mark Rice, c/o The Green Group. The Financial Settlement will first be offset against expenses as outlined in Paragraph 2c, then paid in quarterly installments, starting March 1, 2016 equal installments of $2,500 as follows:

1

| | |
|---|---|
| $2,500 | March 1, 2016—offset against expenses |
| $2,500 | June 1, 2016—offset against expenses |
| $2,500 | September 1, 2016—offset against expenses |
| $2,500 | December 1, 2016--$2,162 offset against expenses and $338 wire transfer |
| $2,500 | March 1, 2017—wire transfer |
| $2,500 | June 1, 2017—wire transfer |
| $2,500 | September 1, 2017—wire transfer |
| $2,500 | December 1, 2017—wire transfer |

2. <u>Assignment of Ownership</u>.

   a. Defendant will assign a 25% ownership of the horse, "We Will See" to the ownership of Plaintiff as required by USTA Application for Transfer. All aspects of a 25% ownership including expenses as of the effective date of the Settlement Date will transfer to Plaintiff.

   b. Plaintiff will share 25% of the 2015 breeding/stud fee earnings when due and payable in 2016.

   c. Plaintiff will share 25% of all expenses in connection with the costs associated with 2015 breeding, including but not limited to board, advertising, marketing, stallion registration, veterinarian and farrier. As per invoiced received, 25% of equates to $9,662. Going forward, Plaintiff will be responsible for his pro rata share of all expenses associated with the 25% ownership of "We Will See."

2

3. <u>General Release of Claims</u>. Plaintiff agrees to dismiss his Civil Action and to release the Defendant and its officers, directors, employees, shareholders, agents, attorneys, insurers, affiliates, parents, successors and assigns as applicable (all collectively referred to as "the Released Parties") and hold them harmless from any and all claims, demands, actions, causes of action, costs and expenses and attorney fees, which he now has or may have, against Defendant, or the Released Parties, through the date of execution of this Release and Settlement Agreement. Plaintiff agrees to the execution of an Agreed Order of Dismissal with Prejudice by _____ with respect to the Civil Action.

4. <u>Non-admission of Liability</u>. The parties agree that by entering into this Release and Settlement Agreement, the Defendant, DePinto, is not admitting wrongdoing. The parties understand and agree that this Release and Settlement Agreement is being entered into in an effort to resolve a dispute between the parties and avoid any further dispute, discussion or action concerning the matters related thereto.

5. <u>Non-assignability of Claims</u>. Plaintiff agrees, represents and warrants that no person other than Plaintiff is authorized or entitled to assert any claim based on or arising out of any alleged unlawful, wrongful, tortious or other conduct by Defendant, including, but not limited to, any and all claims for attorney fees or damages as a consequence thereof, based upon or seeking relief on account of actions or failures to act by the Defendant, DePinto, or any of its agents or employees, which may have occurred or failed to occur prior to Plaintiff's execution of this Release and Settlement Agreement. Plaintiff further represents and warrants that he has not assigned, and shall never assign any such claim.

3

6. <u>Enforceability/Severability</u>. The parties agree that this Release and Settlement Agreement shall be binding on, and enure to the benefit of, the Defendant and the Released Parties, their heirs, successors, assigns and personal representatives, and Plaintiff, his heirs and personal representatives. Should any provision of this Release and Settlement Agreement be declared or determined by a court of competent jurisdiction to be illegal, invalid or unenforceable, the validity of the remaining parts, terms or provisions shall not be affected thereby, and any illegal, invalid or unenforceable part, term or provision shall be deemed not to be part of this Release and Settlement Agreement. In such event, the parties agree that the Court may impose any lesser restrictions it considers appropriate to protect the interests of the Plaintiff and Defendant and the Released Parties as may be applicable.

7. <u>Costs and Attorney Fees</u>. The parties understand that each party will be responsible for payment of his and its own costs and attorney fees related to this Civil Action.

8. <u>Choice of Law</u>. This Release and Settlement Agreement will be interpreted and enforced under the Laws of the State of New Jersey. The language of all parts of this Release and Settlement Agreement shall in all cases be interpreted as a whole, according to its fair meaning and not strictly for or against any of the parties. The parties agree that the language used herein has been reviewed and agreed upon by counsel for all parties and that no party shall be deemed the author or drafter thereof.

9. <u>Choice of Forum</u>. The parties consent to the exclusive jurisdiction of the courts located in New Jersey with respect to all matters relating to and referred to in this Release and Settlement Agreement.

10. <u>Complete Agreement</u>. This Release and Settlement Agreement sets for the entire agreement between Plaintiff and Defendant and supersedes any and all prior and contemporaneous oral or written agreements or understandings among the parties. No representation, promise, inducement or stay of intention has been made by Defendant that is not embodied in this Release and Settlement Agreement. This Release and Settlement Agreement cannot be amended, modified or supplemented in any respect except by a subsequent written agreement signed by the parties.

IN WITNESS WEHREOF, the Plaintiff and Defendant have entered into this Release and Settlement Agreement as of the date written above:

PARTIES:

29 JAN 2016
Date
_____
Mark E. Rice

29-JAN 2016
Date
_____
Sam DePinto

29-JAN 2016
Date
_____
C Sam DePinto Stable
By:

1/29/2016
Date
_____
Shannon DePinto

5

State of _TEXAS_

County of _FORTBEND_

The foregoing was acknowledged, subscribed and sworn to before me by Mark E. Rice on this _29th_ day of _JANUARY_, 2016.

My commission expires: _July 22, 2018_

_Surekha Patel_
Notary Public, State at Large

SUREKHA PATEL
MY COMMISSION EXPIRES
August 22, 2018

State of _New Jersey_

County of _Monmouth_

The foregoing was acknowledged, subscribed and sworn to before me by Sam DePinto on this _29th_ day of _January_, 2016.

My commission expires: _NA_

_Margaret Spazoni, Esq._
Notary Public, State at Large
Attorney-At-Law, State of NJ
NJ Bar # 03870-2009

State of _New Jersey_

County of _Monmouth_

The foregoing was acknowledged, subscribed and sworn to before me by _Sam DePinto, AKA Cosmo DeP._ the _Owner_ of C Sam DePinto Stable on this _29th_ day of _January_, 2016.

My commission expires: _NA_

_Margaret Spazoni, Esq._
Notary Public, State at Large
Margaret Spazoni, Esq. of NJ
Attorney-At-Law, State of NJ
NJ Bar # 03870-2009

State of _New Jersey_

County of _Monmouth_

The foregoing was acknowledged, subscribed and sworn to before me by Shannon DePinto on this _29th_ day of _January_, 2016.

My commission expires: _NA_

_Margaret Spazoni, Esq._
Notary Public, State at Large
Margaret Spazoni, Esq., State of NJ
Attorney-At-Law, State of NJ
NJ Bar # 03870-2009

*Howard A. Taylor*, LLC

HOWARD A. TAYLOR
MARC ANTONY ARRIGO*
ROBERT G. MANGOLD*

---
\* ALSO MEMBER OF NEW JERSEY BAR

SUITE 1310
123 SOUTH BROAD STREET
PHILADELPHIA, PA 19109

(215) 732-9300
FAX # (215) 732-4093

---

February 11, 2016

Honorable Joseph A. Dickson
United States District Court
Martin Luther King Building and U.S. Courthouse
50 Walnut Street, Room 4015
Newark, NJ   07102

      Re:    Mark E. Rice v. C. Sam DePinto,
               C. Sam DePinto Stable and Shannon DePinto
               Civil Action No.:    14-3953 (ES)
               Our File No.:       15537 AX

Dear Judge Dickson:

I represent the DePinto defendants in the above matter, which was settled at a Conference before your Honor on July 30, 2015, and clarified and confirmed at a subsequent Status Conference on December 9, 2015. Per the Court's instructions, the settlement paperwork was to be drawn up by The Green Group.

Therefore, please find enclosed a copy of the fully executed Mutual Release, and the Release and Settlement Agreement, which are being filed of record electronically. With the filing of these documents, I believe that the matter in controversy between the parties now is closed.

However, if you have any questions or concerns, or if I may be of assistance in some other way, please feel free to contact me.

Respectfully yours,

MARC ANTONY ARRIGO
MAA/hs
cc:    Mark E. Rice (w/e)
        Leonard Green (FAX: 732-634-8602) (w/e)
        Mr. and Mrs. C. Sam DePinto (FAX: 609-758-5302) (w/e)